*444
 
 Rijffin, C. J.
 

 Though one would expect; assumpsit to be brought on a warranty of goods, as well as any other parol contract, yet it is, comparatively, a recent thing that it was brought in such cases. Its propriety seems to have been questioned as late as the cases of
 
 Stewart
 
 v. Wilkins, Doug. 18 ; and it cannot be said to have been judicially settled earlier, though the action had been sometimes brought. It was questioned on the ground, that the action on the case in
 
 tort
 
 was the established remedy, and, therefore, the proper one. It was, however, held /that either of the actions would lie upon an express warranty. Afterwards it was atempted to give another turn to the matter in the opposite direction, namely, by contending that assumpsit was the peculiar remedy on a false warranty, and that the declaration could not be in
 
 tort,
 
 unless it alleged a
 
 scienter;
 
 which was as much as to say, that the action on the ease would not lie on the warranty, but only on the cheat.
 
 Williamson v.
 
 Allison, 2 East 446. But there were so many precedents of actions in tort for a false warranty, as to shew clearly, that it had been formerly the common remedy, if not the only one, in use, and to induce the Judges
 
 to
 
 sustain it. It was, according!}', there hold that the declaration might be in
 
 tort
 
 without alleging a
 
 scienter,
 
 and, if it be alleged in addition to the warranty, that it need not be proved. The doctrine of the case is, that,'when there is a warranty, that is the gist of the action, and that it is only when there is no warranty that a
 
 scienter
 
 need be alleged or proved. , It is nearly half a century since the decision, and during that period, the point has been considered at r est, and many actions have been brought in
 
 tort,
 
 as well as
 
 ex contractu,
 
 on false warranties. 1
 
 Chit. Pl.
 
 956, 429, 2
 
 Chit. Pl.
 
 279. There is no doubt as to the propriety of joining the two counts ; for, it is an action on the case, and the counts, being both in
 
 tort,
 
 are compatible. If it were otherwise, it would not be material in this case,
 
 *445
 
 as the evidence applied to the second count, and the instructions to the jury referred to it alone, and therefore the verdict might be amended by entering it on that count only.
 
 West
 
 v.
 
 Ratlidge,
 
 4 Dev. 31.
 

 Per Curiam. Judgment affirmed.